Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*The Pinkfong Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PINKFONG COMPANY, INC., | **23-cv-10967 (DEH)** |
| *Plaintiff* | ~~**[PROPOSED]**~~ |
| v. | **PRELIMINARY INJUNCTION ORDER** |
| ALIBABA.COM SINGAPORE E-COMMERCE PTE. LTD., ALIEXPRESS E-COMMERCE ONE PTE. LTD., BABY ONE STORE, BAODING BAIGOU NEW TOWN YAN XIANNV PLUSH DOLL SALES DEPARTMENT, CK-BABY STORE, DONGYANG WALRUS COMMODITY CO.,LTD., EASY FABRIC SHOW (CHINA) CO., LTD., HANGZHOU HAPPY HI CRAFTS CO., LTD, HANGZHOU SHUANGXIN INTERNATIONAL TRADE CO., LTD., JIANGXI TONGDA CANDLE CO., LTD., JIEYANG RONGCHENG FREEDOM HOME COMMODITY STORE, KOKOER STORE, NANTONG SHENSU TEXTILE CO., LTD., SHENZHEN Y-STAR TECHNOLOGY CO., LTD., SHOP1102751084 STORE, WJP PARTY STORE, YANGZHOU ALIJIA PLUSH TOYS CO., LTD., YANGZHOU NEW SUNRISE ARTS&CRAFTS CO., LTD., YIWU BUNIDA GARMENT CO., LTD., YIWU FUXIN TRADE | |

CO., LTD., YIWU PARTY PAPER PRODUCT
CO., LTD., YIWU SENYA E-COMMERCE CO.,
LTD., YIWU YELU E-COMMERCE CO., LTD,
YIWU YOUTENG PAPER CRAFTS CO., LTD.
and ZHANGZHOU QIXIAN TRADING CO.,
LTD.,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Pinkfong** | The Pinkfong Company, Inc. |
| **Merchant Defendants** | Baby One Store, Baoding Baigou New Town Yan Xiannv Plush Doll Sales Department, CK-baby Store, Dongyang Walrus Commodity Co.,ltd., Easy Fabric Show (china) Co., Ltd., Hangzhou Happy Hi Crafts Co., Ltd, Hangzhou Shuangxin International Trade Co., Ltd., Jiangxi Tongda Candle Co., Ltd., Jieyang Rongcheng Freedom Home Commodity Store, Kokoer Store, Nantong Shensu Textile Co., Ltd., Shenzhen Y-Star Technology Co., Ltd., Shop1102751084 Store, WJP Party Store, Yangzhou Alijia Plush Toys Co., Ltd., Yangzhou New Sunrise Arts&Crafts Co., Ltd., Yiwu Bunida Garment Co., Ltd., Yiwu Fuxin Trade Co., Ltd., Yiwu Party Paper Product Co., Ltd., Yiwu Senya E-Commerce Co., Ltd., Yiwu Yelu E-commerce Co., ltd, Yiwu Youteng Paper Crafts Co., Ltd. and Zhangzhou Qixian Trading Co., Ltd. |
| **Alibaba.com Singapore** | Alibaba.com Singapore E-Commerce Pte. Ltd. |
| **AliExpress E-Commerce** | AliExpress E-Commerce One Pte. Ltd. |
| **Alibaba Defendants** | Alibaba.com Singapore E-Commerce Pte. Ltd. and AliExpress E-Commerce One Pte. Ltd. |
| **Defendants** | Merchant Defendants and Alibaba Defendants |
| **Alibaba** | The Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Merchant Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | The AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Merchant Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Alibaba Platforms** | Alibaba, AliExpress, 1688.com, Taobao.com and Tmall.com |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |

| | |
|---|---|
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Merchant Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Baby Shark Content** | One of Pinkfong's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984 for registration of "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/594,141 for "PINKFONG" for a variety of goods in Class 5; and 88/594,122 for "BABY SHARK" for a variety of goods in Class 5 |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 6,834,502 for "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30; 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 6,138,374 for pinkfong for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 6,503,438 for "PINKFONG" for a |

| | |
|---|---|
| | variety of goods in Class 5; and<br><br>6,495,600 for  for a variety of goods in Classes 9 and 41 |
| **Baby Shark Marks** | The marks covered by the Baby Shark Registrations and Baby Shark Applications |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); and PA 2-142-905, covering Baby Shark (Motion Picture) |
| **Baby Shark Products** | An extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products |
| **Infringing Listings** | Merchant Defendants' listings for Counterfeit Products |
| **Merchant User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as the Alibaba Platforms, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all Merchant User Accounts through which Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Defendants'** | Any and all money, securities or other property or assets |

| | |
|---|---|
| **Assets** | of Merchant Defendants (whether said assets are located in the U.S. or abroad) |
| **Merchant Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Merchant Defendants' Merchant User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Alipay.com Co., Ltd., Ant Financial (collectively "AliPay") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, the Alibaba Platforms, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on December 19, 2023 against Merchant Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Merchant Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on December 27, 2023 ("TRO") which ordered Merchant Defendants to appear on January 8, 2024 at 2:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on December 29, 2023, Plaintiff filed a letter requesting to modify and extend the TRO, including the date of the Show Cause Hearing;

WHEREAS, on December 30, 2023, the Court granted Plaintiff's request, adjourning the Show Cause Hearing to January 23, 2024 at 2:00 p.m. ("December 30, 2023 Order");

WHEREAS, on January 17, 2024, Plaintiff wrote a second letter to the Court requesting further modification and extension of the TRO, which the Court granted in part on January 18, 2024, extending Plaintiff's deadline to serve Merchant Defendants to January 21, 2024 ("January 18, 2024 Order");

WHEREAS, on January 18, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application, the December 30, 2023 Order and the January 18, 2024 Order on Merchant Defendants Easy Fabric Show (china) Co., Ltd. and Yiwu Fuxin Trade Co., Ltd;[1]

---

[1] As directed by the Court, Plaintiff is in the process of serving the following twenty-one (21) Merchant Defendants via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters: Baby One Store, Baoding Baigou New Town Yan Xiannv Plush Doll Sales Department, CK-baby Store, Dongyang Walrus Commodity Co.,ltd., Hangzhou Happy Hi Crafts Co., Ltd, Hangzhou Shuangxin International Trade Co., Ltd., Jiangxi Tongda Candle Co., Ltd., Jieyang Rongcheng Freedom Home Commodity Store, Kokoer Store, Nantong Shensu Textile Co., Ltd., Shenzhen Y-Star Technology Co., Ltd., Shop1102751084 Store, WJP Party Store, Yangzhou Alijia Plush Toys Co., Ltd., Yangzhou New Sunrise Arts&Crafts Co., Ltd., Yiwu Bunida Garment

WHEREAS, on January 22, 2024, the Court entered an Order adjourning the Show Cause Hearing until 3:15 p.m. on January 23, 2024 via Microsoft Teams ("January 22, 2024 Order");

WHEREAS, on January 22, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the January 22, 2024 Order on Merchant Defendants Easy Fabric Show (china) Co., Ltd. and Yiwu Fuxin Trade Co., Ltd. and on the Alibaba Defendants via their counsel.

WHEREAS, on January 23, 2024 at 3:15 p.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Merchant Defendants appeared.

## **ORDER**

1.  The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a)  Accordingly, Merchant Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i.  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Baby Shark Marks and/or Baby Shark Works;

      ii.  operation of Merchant Defendants' Merchant User Accounts and Merchant

Co., Ltd., Yiwu Party Paper Product Co., Ltd., Yiwu Senya E-Commerce Co., Ltd., Yiwu Yelu E-commerce Co., ltd, Yiwu Youteng Paper Crafts Co., Ltd. and Zhangzhou Qixian Trading Co., Ltd.

2

Defendants' Merchant Storefronts, including, without limitation, continued operation of Merchant Defendants' Merchant User Accounts and Merchant Storefronts in violation of this Order;

iii.  directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and Baby Shark Works;

iv.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and Baby Shark Works, to identify any goods or services not authorized by Plaintiff;

v.  using Plaintiff's Baby Shark Marks and/or Baby Shark Works and/or any other marks that are confusingly similar to the Baby Shark Marks and/or any other artwork that is substantially similar to the Baby Shark Works, on or in connection with Merchant Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Merchant Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Merchant Defendants and Merchant Defendants' commercial activities and Plaintiff;

3

vii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their Merchant User Accounts, Merchant Storefronts or Merchant Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, Merchant User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

ix.  knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) through 1(c)(i) below.

b)  Accordingly, Merchant Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or

4

paying Merchant Defendants' Assets from or to Merchant Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Merchant Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. operation of Merchant Defendants' Merchant User Accounts and Merchant Defendants' Merchant Storefronts, including, without limitation, continued operation of Merchant Defendants' Merchant User Accounts and Merchant Storefronts in violation of this Order;

    ii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) through 1(c)(i) above, including, without limitation, by providing services necessary for Merchant Defendants to continue operating Merchant Defendants' Merchant User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Merchant Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary

report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Merchant Defendants and Merchant Defendants' User Accounts, contact information for Merchant Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Merchant Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Merchant Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Merchant Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Merchant Defendants' Financial Accounts, Merchant User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

      i.   account numbers;

ii.   current account balances;

iii.   any and all identifying information for Merchant Defendants, Merchant Defendants' Merchant User Accounts and Merchant Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

iv.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Merchant Defendants' Financial Accounts;

v.   any and all deposits and withdrawal during the previous year from each and every one of Merchant Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.   any and all wire transfers into each and every of Merchant Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d)   Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Merchant Defendants' Merchant User Accounts and Merchant Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.   any and all Merchant User Accounts and Merchant Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all Merchant User Accounts and Merchant Defendants' Merchant Storefronts that Merchant Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

ii.   the identities, location and contact information, including any and all e-mail addresses of Merchant Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

iii.   the nature of Merchant Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Merchant Defendants' Merchant User Accounts and Merchant Defendants' Merchant Storefronts, a full accounting of Merchant Defendants' sales history and listing history under such accounts and Merchant Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Merchant Defendants' Merchant Storefronts; and

iv.   Merchant Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of counterfeit Products, or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Baby Shark Marks and/or Baby Shark Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Merchant Defendants Easy Fabric Show (china) Co., Ltd. and Yiwu Fuxin Trade Co., Ltd. ("Unknown Address Defendants") if it is completed by one of the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO or may otherwise be determined; or

   b) delivery of a message to Merchant Defendants through the same means that Plaintiff's agents have previously communicated with Merchant Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms, notifying Merchant Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Merchant Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

5. All other Merchant Defendants must be served in accordance with the Hague Convention.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Unknown Address Defendants, Third Party Service Providers and Financial Institutions through the pendency

of this action.

7.   As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b)   delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to wb-wny616059@antgroup.com and wb-yj965636@antgroup.com;

   c)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

   d)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

   e)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

8.   Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendants or any one of them,

or by any persons in active concert or participation with Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

9. The $20,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

10. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _23rd_ day of _January_, 2024, at _3:40_ _p_.m.
New York, New York

_____
HON. DALE E. HO
UNITED STATES DISTRICT JUDGE