Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*The Pinkfong Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE PINKFONG COMPANY, INC.,

*Plaintiff*

v.

ALIBABA.COM SINGAPORE E-COMMERCE PTE. LTD., ALIEXPRESS E-COMMERCE ONE PTE. LTD., BABY ONE STORE, BAODING BAIGOU NEW TOWN YAN XIANNV PLUSH DOLL SALES DEPARTMENT, CK-BABY STORE, DONGYANG WALRUS COMMODITY CO.,LTD., EASY FABRIC SHOW (CHINA) CO., LTD., HANGZHOU HAPPY HI CRAFTS CO., LTD, HANGZHOU SHUANGXIN INTERNATIONAL TRADE CO., LTD., JIANGXI TONGDA CANDLE CO., LTD., JIEYANG RONGCHENG FREEDOM HOME COMMODITY STORE, KOKOER STORE, NANTONG SHENSU TEXTILE CO., LTD., SHENZHEN Y-STAR TECHNOLOGY CO., LTD., SHOP1102751084 STORE, WJP PARTY STORE, YANGZHOU ALIJIA PLUSH TOYS CO., LTD., YANGZHOU NEW SUNRISE ARTS&CRAFTS CO., LTD., YIWU BUNIDA GARMENT CO., LTD., YIWU FUXIN TRADE CO., LTD., YIWU PARTY PAPER PRODUCT CO., LTD., YIWU SENYA E-COMMERCE CO., LTD., YIWU YELU

**CIVIL ACTION NO. 23-cv-10967 (DEH)**

**~~[PROPOSED]~~**
**~~FINAL DEFAULT JUDGMENT AND~~**
**PERMANENT INJUNCTION ORDER**

E-COMMERCE CO., LTD, YIWU YOUTENG PAPER CRAFTS CO., LTD. and ZHANGZHOU QIXIAN TRADING CO., LTD.,

*Defendant*s

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Pinkfong** | The Pinkfong Company, Inc. | N/A |
| **Merchant Defendants** | Baby One Store, Baoding Baigou New Town Yan Xiannv Plush Doll Sales Department, CK-baby Store, Dongyang Walrus Commodity Co.,ltd., Easy Fabric Show (china) Co., Ltd., Hangzhou Happy Hi Crafts Co., Ltd, Hangzhou Shuangxin International Trade Co., Ltd., Jiangxi Tongda Candle Co., Ltd., Jieyang Rongcheng Freedom Home Commodity Store, Kokoer Store, Nantong Shensu Textile Co., Ltd., Shenzhen Y-Star Technology Co., Ltd., Shop1102751084 Store, WJP Party Store, Yangzhou Alijia Plush Toys Co., Ltd., Yangzhou New Sunrise Arts&Crafts Co., Ltd., Yiwu Bunida Garment Co., Ltd., Yiwu Fuxin Trade Co., Ltd., Yiwu Party Paper Product Co., Ltd., Yiwu Senya E-Commerce Co., Ltd., Yiwu Yelu E-commerce Co., ltd, Yiwu Youteng Paper Crafts Co., Ltd. and Zhangzhou Qixian Trading Co., Ltd. | N/A |
| **Defaulting Defendants** | Baby One Store, Baoding Baigou New Town Yan Xiannv Plush Doll Sales Department, CK-baby Store, Dongyang Walrus Commodity Co.,ltd., Easy Fabric Show (china) Co., Ltd., Hangzhou Happy Hi Crafts Co., Ltd, Hangzhou Shuangxin International Trade Co., Ltd., Jiangxi Tongda Candle Co., Ltd., Jieyang Rongcheng Freedom Home Commodity Store, Nantong Shensu Textile Co., Ltd., Shop1102751084 Store, WJP Party Store, Yangzhou Alijia Plush Toys Co., Ltd., Yangzhou New Sunrise Arts&Crafts Co., Ltd., Yiwu Bunida Garment Co., Ltd., Yiwu Fuxin Trade Co., Ltd., Yiwu Party Paper Product Co., Ltd., Yiwu Senya E-Commerce Co., Ltd., Yiwu Yelu E-commerce Co., ltd and Zhangzhou Qixian Trading Co., Ltd. | N/A |
| **Alibaba.com Singapore** | Alibaba.com Singapore E-Commerce Pte. Ltd. | N/A |
| **AliExpress E-Commerce** | AliExpress E-Commerce One Pte. Ltd. | N/A |
| **Alibaba Defendants** | Alibaba.com Singapore E-Commerce Pte. Ltd. and AliExpress E-Commerce One Pte. Ltd. | N/A |
| **Defendants** | Merchant Defendants and Alibaba Defendants | N/A |
| **Alibaba** | The Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party | N/A |

| | | |
|---|---|---|
| | merchants, like Merchant Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | |
| **AliExpress** | The AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Merchant Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Alibaba Platforms** | Alibaba, AliExpress, 1688.com, Taobao.com and Tmall.com | N/A |
| **Sealing Order** | Order to Seal File entered on December 18, 2023 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on December 19, 2023 | Dkt. 11 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on December 19, 2023 | Dkts. 20-22 |
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 21 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on December 27, 2023 | Dkt. 27 |
| **Baby Shark Content** | One of Pinkfong's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984 for registration of "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, | N/A |

| | | |
|---|---|---|
| | 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/594,141 for "PINKFONG" for a variety of goods in Class 5; and 88/594,122 for "BABY SHARK" for a variety of goods in Class 5 | |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 6,834,502 for "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30; 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 6,138,374 for pinkfong for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 6,503,438 for "PINKFONG" for a variety of goods in Class 5; and 6,495,600 for [musical score] for a variety of goods in Classes 9 and 41 | N/A |
| **Baby Shark Marks** | The marks covered by the Baby Shark Registrations and Baby Shark Applications | N/A |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); and PA 2-142-905, covering Baby Shark (Motion Picture) | N/A |
| **Baby Shark Products** | An extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark | N/A |

| | | |
|---|---|---|
| | Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | |
| **Infringing Listings** | Merchant Defendants' listings for Counterfeit Products | N/A |
| **Merchant User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as the Alibaba Platforms, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all Merchant User Accounts through which Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Defendants' Assets** | Any and all money, securities or other property or assets of Merchant Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Merchant Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Merchant Defendants' Merchant User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), Alipay.com Co., Ltd., Ant Financial (collectively "AliPay") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, the Alibaba Platforms, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Merchant Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are | N/A |

| | | |
|---|---|---|
| | hereinafter identified as a result of any order entered in this action, or otherwise | |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on June 12, 2025 | 64-47 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | 65 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting and copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Baby Shark Marks and/or Baby Shark Works including, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

**I. <u>Defaulting Defendants' Liability</u>**

1) ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Default Judgment is granted as to Baby One Store, Baoding Baigou New Town Yan Xiannv Plush Doll Sales Department, Easy Fabric Show (china) Co., Ltd., Jieyang Rongcheng Freedom Home Commodity Store, Shop1102751084 Store, WJP Party Store, Yiwu Bunida Garment Co., Ltd., Yiwu Fuxin Trade Co., Ltd., Yiwu Party Paper Product Co., Ltd., Yiwu Senya E-Commerce Co., Ltd., and Yiwu Yelu Ecommerce Co., ltd.

**II. <u>Damages Awards</u>**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement and the Copyright Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages requested in

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

its Motion for Default Judgment, the Court awards Plaintiff ~~Fifty Thousand U.S. Dollars ($50,000.00) in statutory damages against each of the twenty (20) Defaulting Defendants pursuant to 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c), as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a).~~ liquidated damages and post-judgment interest in an amount to be determined by the assigned Magistrate Judge in an inquest.

## III. <u>Permanent Injunction</u>

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions:

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Shark Works;

B. operation of Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

C. directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and/or Baby Shark Works;

D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and/or Baby Shark Works to identify any goods or services not authorized by Plaintiff;

E. using Plaintiff's Baby Shark Marks and/or Baby Shark Works, or any other marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works on or in connection with manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Baby Shark Marks and/or Baby Shark Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are permanently enjoined and restrained from:

   A. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H), III(3)(A) and III(4)(A) above.

## IV. Dissolution of Rule 62(a) Stay and Asset Turnover Pursuant to N.Y. C.P.L.R. § 5225

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

## V. Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Twenty Thousand U.S. Dollar ($20,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.** The Clerk of Court is respectfully directed to terminate ECF No. 64.

SIGNED this 17 day of July, 2025, ~~at _____ m.~~

HON. DALE E. HO
UNITED STATES DISTRICT JUDGE